UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kevin P. Feeley

    v.                            Civil No. 07-cv-402-PB

United States Department of
Justice Office of Information
and Privacy, et al.[1]

**O R D E R**

Before the Court is Kevin Feeley's complaint (document no. 3) seeking to enjoin defendants from improperly withholding a document from him. This action is filed pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").[2] Because Feeley is incarcerated and proceeding pro se, the matter is before me for preliminary review to determine whether it states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

---

[1] In addition to the United States Department of Justice Office of Information and Privacy, Feeley names the United States Attorney for the District of New Hampshire as a defendant to this action.

[2] Feeley entitles this document "Motion Ad Habeas Corpus" – a term without any meaning known to this Court. The document will be construed as a complaint.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Kevin Feeley is a New Hampshire State Prison inmate who is disabled by virtue of a traumatic brain injury incurred in an accident in the 1980s. Feeley alleges that in 1991 he sent correspondence to the Office of the United States Attorney for the District of New Hampshire. Sometime during 2005, Feeley requested a copy of that correspondence from the Executive Office for United States Attorneys ("EOUSA"). The EOUSA advised Feeley that it could not locate the requested documents in the District of New Hampshire. Feeley appealed the EOUSA's failure to provide him with the requested documents to the United States Department of Justice ("DOJ") Office of Information and Privacy. That office looked into the matter and, having determined that the EOUSA's response to Feeley was correct, affirmed the EOUSA's action. Feeley now asks that this Court enjoin the Office of the United States Attorney for the District of New Hampshire from withholding the requested documents.

## Discussion

The Freedom of Information Act ("FOIA") provides individuals with the opportunity to seek injunctive relief in an appropriate federal district court where a federal agency has improperly

withheld agency records. 5 U.S.C. § 552(a)(4)(B).³ Complaints in federal court are subject to the notice-pleading standard of Fed. R. Civ. P. 8(a). See Moore v. FBI, 2008 WL 2521089, *1 (7th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1968 (2007)). "Notice pleading requires only that a complaint contain 'enough facts to state a claim that is plausible on its face.'" Moore, 2008 WL 2521089, at *1 (quoting Bell Atl. Corp., 127 S. Ct. at 1974)). If a complaint asserts a FOIA claim and provides enough detail to give fair notice of what the claim is, and upon what grounds it rests, then it is sufficient to state a claim under FOIA.⁴ Moore, 2008 WL 25210789

---

³5 U.S.C. § 552(a)(4)(B) states in relevant part:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. . . .

⁴To the extent that plaintiff must plead exhaustion of a FOIA claim in order to bring the claim in this Court, I find

at *2.  By stating that federal district courts, upon the filing of a complaint alleging the improper withholding of records, "shall determine the matter de novo," § 552(a)(4)(B) appears to grant to a requester a right of review in this Court where records are not produced.  While federal jurisdiction to enjoin an agency from withholding documentation depends upon a showing that the agency has (1) "improperly" (2) "withheld" (3) "agency records," the burden is on the agency, not the requester, to disprove that the materials sought are not "agency records" that have been "improperly" "withheld."  <u>DOJ v. Tax Analysts</u>, 492 U.S. 136, 142, 142 n.3 (1989).  Accordingly, as long as a complaint, generously construed, meets the notice pleading requirement, the statute requires that the complaint be served on defendants.  Construing the complaint here liberally, I find that it asserts a claim for the improper withholding of properly requested agency

---

that, by alleging a written request to the EOUSA and a written appeal to the DOJ's Office of Information and Privacy, Feeley has sufficiently pleaded exhaustion to allow this action to proceed. <u>See</u> <u>Hidalgo v. FBI</u>, 344 F.3d 1256, 1259 (D.C. Cir. 2003) (explaining and collecting cases to support the proposition that while FOIA's exhaustion requirement is not jurisdictional, it is a "condition precedent" to filing suit).

records, and I therefore direct service of the complaint on defendants.[5]

## Motions Filed

In addition to his complaint, Feeley has filed several motions. First, Feeley filed a "Motion Ad Subpoena Duces Tecum" (document no. 4) requesting that this Court order the New Hampshire Department of Corrections to produce a copy of Feeley's medical records which, he asserts, are relevant to his FOIA action. Liberally construed, I find that this is either a discovery request or a request for assistance in procuring evidence, both of which are premature at this point. Accordingly, I deny the motion as not yet ripe, without prejudice to it being renewed should circumstances warrant.

Feeley has also sought the appointment of standby counsel in this matter (document no. 5). Appointment of counsel in a civil

---

[5] Feeley makes passing reference to the Federal Tort Claims Act, 28 U.S.C. § 1291, and the Americans with Disabilities Act, 42 U.S.C. § 1201, et seq., as statutes under which he might be entitled to some relief at law. Feeley neither explains the applicability of these statutes to his claims nor sets out any argument or theory supporting these assertions. Because they are no more than passing references, I decline to consider them as claims raised at this time. If Feeley intends to raise claims under those statutes, he must properly move to amend his complaint to include such claims, with sufficient explanation of the claims and the grounds upon which they rest.

case is left to the discretion of the court.  See 28 U.S.C. § 1915(d).  An indigent litigant must demonstrate that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law.  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam).  In the case at hand, Feeley has, to date, not established the existence of such exceptional circumstances.  Feeley's motion for counsel is therefore denied without prejudice to refiling in the future should circumstances warrant.

Finally, Feeley has filed a "Motion for Transport" (document no. 6), requesting that he be transported to this Court for any scheduled hearings.  This motion, too, is premature as no hearings have been scheduled in this matter.  Accordingly, the motion is denied.  Should a hearing be scheduled, Feeley is free to renew his request for transport at that time.

## Conclusion

For the foregoing reasons, I order that the complaint be served upon Defendant.  The Clerk's office is directed to issue the necessary summons form and forward to (I) the United States

Attorney for the District of New Hampshire, (ii) the United States Department of Justice Office of Information and Privacy, and (iii) the Attorney General of the United States, by certified mail, return receipt requested, the summonses and copies of the Complaint (document no. 3), and this Order.  See Fed. R. Civ. P. 4(c)(2) and 4(I).

Defendants are instructed to answer or otherwise plead within thirty days of service.  See 5 U.S.C. § 552(a)(4)(C).

Feeley is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendant by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   July 15, 2008

cc:     Kevin P. Feeley, pro se